UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DYLAN MICHAEL DENOMME,   2020-
                         HON.
    Plaintiff,

v.

ACE HARDWARE CORP.
(d/b/a A H C TRUCKING COMPANY)
and TRAVIS LEE CAIN,

    Defendants.

---

GEOFFREY N. FIEGER (P30441)
GREGORY W. WIX (P65424)
***FIEGER, FIEGER, KENNEY***
***& HARRINGTON P.C.***
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555 / (248) 355-5148

---

## COMPLAINT

    NOW COMES Plaintiff, DYLAN MICHAEL DENOMME, by and through his attorneys at, FIEGER, FIEGER KENNEY & HARRINGTON, P.C., and for his Complaint, states as follows:

{00786311.DOCX}

## **PARTIES AND JURISDICTION**

1. At all times relevant to this litigation, Plaintiff DYLAN MICHAEL DENOMME was a resident of Lathrup Village, County of Oakland, State of Michigan.

2. Upon information and belief, at all times relevant to this litigation, Defendant TRAVIS LEE CAIN was a resident of the City of Springfield, Ohio, and at all times relevant hereto was an employee, agent, and/or ostensible agent of the ACE HARDWARE CORP. d/b/a A H C TRUCKING COMPANY and/or RYDER TRUCK RENTAL, INC.

3. At all times relevant to this litigation, Defendant ACE HARDWARE CORP. d/b/a A H C TRUCKING COMPANY (hereinafter, "ACE HARDWARE") is a Delaware corporation conducting business in the County of Oakland, State of Michigan.

4. This matter arises out of a motor vehicle crash that occurred on October 4, 2019 at approximately 6:00 a.m. in Madison Heights, Oakland County, Michigan.

5. The amount in controversy exceeds Seventy-Five Thousand Dollars, exclusive of interest, costs and attorney fees.

6. Full and complete diversity of citizenship exists between Plaintiffs and Defendants and jurisdiction is properly vested with this Court pursuant to 28 USC §1332.

7. That venue is proper in this Court pursuant to 28 USC §1391 as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## OWNERSHIP AND OPERATION OF INVOLVED VEHICLE

8. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

9. Upon information and belief, on the above date, time, and place indicated in the above paragraphs of this Complaint, Defendant TRAVIS LEE CAIN was an employee, agent, and/or ostensible agent of Defendant ACE HARDWARE and was operating the semi-truck bearing USDOT #76209 and VIN 3AKJGLBG9GSGZ8306.

10. ACE HARDWARE is a motor carrier as defined by the Federal Motor Carrier Safety Act ("FMCSA") and was issued and operates under USDOT #76209. Pursuant to 49 CFR § 390.5, the FMCSR defines "Motor Carrier" as a for-hire motor carrier or a private motor carrier, including a motor carrier's agents, officers and representatives, as well as employees

responsible for hiring, supervising, training, assigning, or dispatching of driver and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories, and includes the term "employer."

11. The semi-truck bearing VIN 3AKJGLBG9GSGZ8306 was owned by ACE HARDWARE as they had exclusive use and control of the semi truck.

## COMMON FACTUAL ALLEGATIONS

12. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

13. On October 4, 2019 at approximately 6:00 a.m., Plaintiff DYLAN MICHAEL DENOMME was lawfully traveling southbound on I-75 southbound near 12 Mile Road.

14. At all times relevant hereto, Defendant TRAVIS LEE CAIN was operating a semi-truck traveling on I-75 northbound near 12 Mile Road.

15. At all times relevant hereto, the semi-truck operated by Defendant TRAVIS LEE CAIN improperly, unlawfully, and otherwise negligently crashed into the median barrier causing the concrete divider to

shift and hit Plaintiff's vehicle causing his vehicle to travel off the highway and rollover into the woods.

16. That under Michigan law, Defendant ACE HARDWARE is vicariously liable under Federal and Michigan law and under the doctrine of respondeat superior for all negligent acts committed by employee, agent, or ostensible agent, Defendant TRAVIS LEE CAIN when acting within the course and scope of his employment.

17. As a result of Defendant TRAVIS LEE CAIN's negligent operation of the semi-truck owned by Defendant ACE HARDWARE, Plaintiff DYLAN MICHAEL DENOMME suffered significant, serious, and permanent injuries, resulting in physical difficulties to date, and caused serious impairment of a body function as contemplated under MCL §500.3135.

18. Plaintiff DYLAN MICHAEL DENOMME did not engage in any negligent conduct in this matter and are not comparatively negligent.

## COUNT I
## NEGLIGENCE, NEGLIGENCE PER SE and/or GROSS NEGLIGENCE OF DEFENDANT TRAVIS LEE CAIN

## VICARIOUS AND RESPONDEAT SUPERIOR LIABILITY OF ACE HARDWARE

19. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

20. At all times relevant hereto, Defendant TRAVIS LEE CAIN was an employee, agent, or ostensible agent of Defendant ACE HARDWARE and at the time of the collision, Defendant TRAVIS LEE CAIN was acting within the course and scope of his employment with Defendant ACE HARDWARE.

21. At all times relevant hereto, and pursuant to Michigan Law, Defendant TRAVIS LEE CAIN owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff DYLAN MICHAEL DENOMME which duties include but are not limited to, obeying all laws, statutes and local ordinances while driving subject vehicle on public roads.

22. At all times relevant hereto, Defendants TRAVIS LEE CAIN had a duty to act as a reasonably careful person would act under the same or similar circumstances that existed at the time of the subject collision.

23. At all times relevant hereto, Defendant TRAVIS LEE CAIN owed Plaintiff DYLAN MICHAEL DENOMME the following duties in particular, by way of illustration and not limitation, and breached the same by:

    a. Failing to operate a motor vehicle upon the highway at a speed not greater than would permit a reasonable stop in violation of MCL §257.627;

    b. Driving over the posted speed limit in a construction zone in violation of MCL §257.627;

    c. Failing to stop and thereby crashing into the median barrier of the freeway and plaintiff's vehicle;

    d. Failing to keep a sharp and careful lookout and to be attentive to existing traffic conditions in violation of MCL §257.627;

    e. Driving on a public highway in willful and wanton disregard for the safety of others in violation of MCL §257.627;

    f. Failing to maintain control of the vehicle in violation of MCL §257.626b;

    g. Failing to pay attention to the roadway in violation of MCL §257.626b;

    h. Failing to take evasive action so as to avoid a collision in violation of MCL §257.626b;

    i. Driving in a careless and/or distracted manner in violation of MCL §257.626b;

j. Failing to drive as a reasonable and prudent person would under same or similar circumstances in violation of MCL §257.627(1);

k. Driving in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury results in violation of MCL §257.626;

l. Failing to drive with due care and/or caution as required under the circumstances in violation of MCL §257.627(1);

m. Failing to properly maintain the semi-truck and conduct proper pre-trip inspection to identify defects in the semi-truck, including but not limited to tire wear and alignment, in violation of the FMCSA and FMCSR 49 CFR 396, including 49 CFR 396.11;

n. Failing to obey all applicable statutes and/or city ordinances;

o. All other breaches of duty identified by Defendant TRAVIS LEE CAIN in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

p. Any and all other breaches that become known through litigation.

24. That as a direct and proximate cause of the aforementioned negligence by Defendants, Plaintiff DYLAN MICHAEL DENOMME has sustained the following injuries amounting to a serious impairment of body

function and/or permanent serious disfigurement which have affected her ability to lead a normal life and are expected to continue into the future and will likely be permanent:

a. Traumatic brain injury;

b. Back neck and shoulder injuries;

c. Hip and leg injuries, including exacerbation and future surgery;

d. Medical bills and equipment;

e. Excess economic loss;

f. Conscious pain and suffering;

g. Denial of social pleasures and enjoyments;

h. Embarrassment, humiliation, mortification;

i. Emotional distress, anxiety, mental anguish, fright and shock;

j. Serious impairment of body function pursuant to MCL §500.3135;

k. Permanent serious disfigurement pursuant to MCL §500.3135;

l. Other damages that may become known through the passage of time and/or the course of discovery; and

m. Any and all other damages allowed under Michigan Law.

25. That under Federal and Michigan law, Defendant ACE HARDWARE is vicariously liable under Federal and Michigan law and vicarious liable under the doctrine of respondeat superior for all negligent acts committed by employee, agent, or ostensible agent, Defendant TRAVIS LEE CAIN when acting within the course and scope of his employment.

WHEREFORE, Plaintiff DYLAN MICHAEL DENOMME respectfully requests judgment against Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, attorney fees, prejudgment interest, post judgment interest, and any other costs this Honorable Court deems appropriate.

## COUNT II
## OWNER'S LIABILITY
## DEFENDANT ACE HARDWARE

26. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

27. At all times relevant hereto, Defendant ACE HARDWARE was the owner of the vehicle driven by Defendant TRAVIS LEE CAIN.

28. Upon information and belief, Defendant TRAVIS LEE CAIN had the express and/or implied consent and permission of Defendant ACE HARDWARE to drive the vehicle at the time of the collision.

29. Defendant TRAVIS LEE CAIN negligently operated the vehicle as set forth in this complaint and thereby caused the collision that seriously and permanently injured Plaintiff DYLAN MICHAEL DENOMME.

30. As a direct and proximate result of Defendants negligent actions, Plaintiff DYLAN MICHAEL DENOMME suffered numerous severe and permanent injuries, including but not limited to, those injuries set forth in this complaint.

31. By virtue of the Owner's Liability Statute, MCL §257.401, Defendant ACE HARDWARE is responsible and liable for damages negligently caused by Defendant TRAVIS LEE CAIN.

WHEREFORE, Plaintiff DYLAN MICHAEL DENOMME respectfully requests judgment against Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, attorney fees, prejudgment interest, post judgment interest, and any other costs this Honorable Court deems appropriate.

## COUNT III
## NEGLIGENT ENTRUSTMENT
## DEFENDANT ACE HARDWARE

32. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

33. Defendant ACE HARDWARE entrusted and/or allowed the vehicle to be entrusted to Defendant TRAVIS LEE CAIN with its express and/or implied consent and/or knowledge.

34. Upon information and belief, Defendant ACE HARDWARE had the opportunity to observe and have knowledge of Defendant TRAVIS LEE CAIN's driving practices and history.

35. At all times relevant, Defendant ACE HARDWARE knew or reasonably should have known that as a result of Defendant TRAVIS LEE CAIN's driving practices and history that an accident involving its motor vehicle was likely to occur.

36. Given Defendant TRAVIS LEE CAIN's driving habits and driving history, it was foreseeable that he would be involved in a collision and specifically involved in a collision with Plaintiff DYLAN MICHAEL DENOMME.

37. Defendant ACE HARDWARE owed a duty to the general public and specifically to Plaintiff DYLAN MICHAEL DENOMME to ensure that Defendant TRAVIS LEE CAIN drove its vehicle with due care and caution and absent negligence and to not allow the vehicle to be operated in such a manner so as to endanger the general public and specifically DYLAN MICHAEL DENOMME in violation of the motor vehicle codes of the State of Michigan and the rules of common law.

38. Contrary to the duties owed to Plaintiff DYLAN MICHAEL DENOMME, Defendant ACE HARDWARE breached these duties by allowing its vehicle to be operated by Defendant TRAVIS LEE CAIN, who is a person Defendant ACE HARDWARE knew or should have known would operate the vehicle in a negligent, careless, reckless or incompetent manner, in violation of the motor vehicle codes of the State of Michigan and the rules of common law.

39. As a result of the negligent entrustment of the vehicle by Defendant ACE HARDWARE to Defendant TRAVIS LEE CAIN, Defendant TRAVIS LEE CAIN operated the motor vehicle in a negligent manner as set forth in this complaint.

40. As a direct and proximate result of Defendants negligent actions, Plaintiff DYLAN MICHAEL DENOMME suffered numerous

severe and permanent injuries including but not limited to those set forth in this complaint.

WHEREFORE, Plaintiff DYLAN MICHAEL DENOMME respectfully requests judgment against Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, attorney fees, prejudgment interest, post judgment interest, and any other costs this Honorable Court deems appropriate.

## COUNT IV
## NEGLIGENCE, NEGLIGENCE PER SE and/or GROSS NEGLIGENCE OF DEFENDANTS ACE HARDWARE AND TRAVIS LEE CAIN

41. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

42. On the above date, Defendant TRAVIS LEE CAIN was an employee and/or agent of ACE HARDWARE.

43. At the time of the collision, Defendant TRAVIS LEE CAIN was in the course and scope of his employment with ACE HARDWARE.

44. As the employer of Defendant TRAVIS LEE CAIN, Defendant ACE HARDWARE is responsible for the negligent actions of its employee and/or agent.

45. At the time of the above incident, Defendant ACE HARDWARE, vicariously through their agent, Defendant TRAVIS LEE CAIN, owed duties to the general public, but especially to DYLAN MICHAEL DENOMME, to perform Defendant's duties in a non-negligent manner.

46. At all times, Defendants ACE HARDWARE and TRAVIS LEE CAIN, through its agent and employees, breached their duty to exercise ordinary care in one or more of the following ways:

   a. Failure to ensure systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles and intermodal equipment subject to its control;

   b. Failure to provide safe and proper operating condition at all times. These include, but are not limited to, frame and frame assemblies, suspension systems, axles and attaching parts, wheels/tires and rims, and steering systems;

   c. Failing list any defect or deficiency discovered by or reported to the driver which would affect the safety of operation of the vehicle or result in its mechanical breakdown;

   d. Failure to repair any defect or deficiency listed on the driver vehicle inspection report which would be likely to affect the safety of operation of the vehicle;

   e. Failing to certify on the driver vehicle inspection report which lists any defect or deficiency that the defect or deficiency has been repaired or that repair is unnecessary before the vehicle is operated again;

    f. Failure to conduct periodic inspections of the vehicle, including inspections of all items listed in 49 CFR Appendix G to Subchapter B of Chapter III - Minimum Periodic Inspection Standards

    g. Failing to otherwise act reasonably under the circumstances;

    h. Failure to obey all applicable statutes and/or city ordinances; and

    i. All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, and all other breaches that become known throughout litigation and all of which is hereby adopted by reference.

47. As a direct and proximate result of Defendants negligent actions, Plaintiff DYLAN MICHAEL DENOMME suffered numerous severe and permanent injuries including but not limited to those set forth in this complaint.

WHEREFORE, Plaintiff DYLAN MICHAEL DENOMME respectfully requests judgment against Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, attorney fees, prejudgment interest, post judgment interest, and any other costs this Honorable Court deems appropriate.

## COUNT V
## NEGLIGENT HIRING, TRAINING AND RETENTION
## DEFENDANTS ACE HARDWARE

48. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

49. On the above date, Defendant TRAVIS LEE CAIN was an employee and/or agent of ACE HARDWARE.

50. At the time of the collision, Defendant TRAVIS LEE CAIN was in the course and scope of his employment with ACE HARDWARE.

51. As the employer of Defendant TRAVIS LEE CAIN, Defendant ACE HARDWARE is responsible for the negligent actions of its employee and/or agent.

52. At the time of the above incident, Defendant ACE HARDWARE, vicariously through their employee and/or agent, Defendant TRAVIS LEE CAIN, owed duties to the general public, but especially to DYLAN MICHAEL DENOMME, to perform Defendant's duties in a non-negligent manner.

53. At all times, Defendant ACE HARDWARE, through its agent and employees, breached its duty to exercise ordinary care in one or more of the following ways:

a. Failure to ensure ACE HARDWARE's employees were properly trained, licensed and/or supervised to operate a semi-truck such as the one involved in the subject crash;

b. Failure to warn the plaintiff prior to the crash in question;

c. Failure to hire, manage, supervise and train employees and/or agents who were competent to inspect and maintain a semi-truck in a reasonable manner;

d. Failure to hire, manage, supervise and train employees and/or agents who were competent to operate a semi-truck in a reasonable manner;

e. Failure to create, implement, and enforce an inspection and maintenance policy and procedure to prevent the operation of unsafe semi-trucks;

f. Failure to create, implement, and enforce a safety driving policy and procedure to prevent from crashes such as the incident complained of herein;

g. Failing to hire employees who are competent and capable of acting reasonably under the circumstances;

h. Failing to otherwise act reasonably under the circumstances;

i. Failure to obey all applicable statutes and/or city ordinances; and

j. All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, and all other breaches that become known throughout litigation and all of which is hereby adopted by reference.

54. As a direct and proximate result of Defendants negligent actions, Plaintiff DYLAN MICHAEL DENOMME suffered numerous

severe and permanent injuries including but not limited to those set forth in this complaint.

WHEREFORE, Plaintiff DYLAN MICHAEL DENOMME respectfully requests judgment against Defendants in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs, attorney fees, prejudgment interest, post judgment interest, and any other costs this Honorable Court deems appropriate.

              Respectfully submitted,

              ***FIEGER, FIEGER, KENNEY***
              ***& HARRINGTON, P.C.***

              By:/s/ Gregory W. Wix
              GEOFFREY N. FIEGER (P30441)
              GREGORY W. WIX (P65424)
              Attorneys for Plaintiff

Dated: January 9, 2020